SANFORD E. GEE, APPELLANT, *v.* THE CHASE MANUFAC-
TURING COMPANY, RESPONDENT.

*Bill of particulars — office of.*

The office of a bill of particulars is merely to limit the generality of a complaint and to prevent surprise upon the trial, and not to furnish evidence for the opposite party; and where an order directing a bill to be furnished seems calculated to enable the defendant to seek out evidence to meet the claim, rather than to ascertain the items of which it is composed, it should be reversed.

APPEAL from an order requiring the plaintiff to furnish a further and more detailed statement of four items of an account for services and disbursements, and staying the action until such further statement was furnished.

The action was begun December 12, 1876. A bill of particulars was demanded and served. A further bill was demanded and served. Defendant still required a further bill. The plaintiff

notified defendant's attorneys he could not give any further state-ment.    Thereupon a motion was made which resulted in the order now appealed from.

Plaintiff was a traveling salesman for the defendant.    He made two journeys to Europe for the defendant.    The account sued upon is for the expenses of these journeys, and for commissions.    The items which were required to be further itemized were the following:

"Expenses in London for board, room, fire, etc., six
    months, currency........................... $1,100 00
"Expenses to Germany and return............... £58 0 0
"Expenses, railroad fares and hotel bills, in traveling
    from London to Birmingham, Manchester, Leeds,
    West Hartlepool, Liverpool, New Haven and return,
    at different times, about..................... 100 0 0
"Sundry expenses on both trips for cab fares, city rail-
    road fares, office expenses, stationery, postage, labor
    in setting up and repairing and cartage of machines,
    oil, pipe, meals, fees, etc., about............. 150 0 0"

The order required that the plaintiff herein serve upon the attor-neys for the defendant a further bill of particulars, specifying with respect to the items in the bill of particulars heretofore served: "Expenses in London for board, room, fire, etc., six months, cur-rency, $1,100;" the particular months during which said expenses were incurred in London; when and with whom plaintiff boarded and roomed, and at what rate per diem or per week, or how.

And specifying with respect to the item in said bill of particulars: "Expenses, railroad fares and hotel bills, in traveling from London to Birmingham, Manchester, Leeds, West Hartlepool, Liverpool, New Haven and return, at different dates, about £100;" in what year and what months plaintiff incurred the alleged expenses; the names of the hotels at which he stopped in each of the places named, and the dates, as nearly as possible; also the amount paid for railroad fares, and the amount paid for hotel bills.

And specifying with respect to the item in said bill of particu-lars: "Sundry expenses on both trips for cabs, fares, city railroad fares, office expenses, stationery, postage, labor in setting up, repair-ing and cartage of machines, oil, pipe, meals, fare, etc., about £150;" how much of said amount was expended on the first trip mentioned

therein, and how much on the second trip; also, how much rent was paid for office and at what date such rent was paid; how much for other office expenses, and how much for setting up, repairing, etc. Each to be stated separately.

And, further, specifying with respect to the item in said bill of particulars: "Expenses to Germany and return, £58;" the date when plaintiff visited Germany; the length of time he remained there; the amount paid for passage, and the amount expended for other expenses.

*Edward Patterson,* for the appellant.

*Matthews, Husted & Foley,* for the respondent.

DAVIS, P. J.:

We think the items objected to in the bill already furnished were too general and ought to have been made more definite and certain in some particulars. But the order made by the court below seems to us to be too stringent, and to carry the statement required beyond the true office of the bill of particulars. As was said by ROBERTSON, C. J., in *Drake* v. *Thayer* (5 Robertson's Superior Court Reports, 701): "The office of such a supplemental statement as a bill of particulars is merely to limit the generality of a complaint, and to prevent surprise on the trial, but not to furnish evidence." The order made in this case goes into details with all the particularity of a cross-examination, and its object seems to be to enable the defendant, by such an examination of the plaintiff, to seek out evidence to meet the claim rather than to ascertain the items of which it is composed.

In respect to the first item it was proper to require that the plaintiff should state the particular months during which his expenses were incurred in London, and there is no difficulty in the plaintiff furnishing that statement. But that he should be required to go further, and state every person with whom he boarded or roomed while in London, and the rate at which he paid per day or per week for his board, is to go beyond the legitimate object of a bill of particulars.

And so as to the second item, it was proper that the year and

months in which the plaintiff incurred his alleged expenses should be stated, and the amount, so far as practicable, paid for hotel bills and for railroad fares, but it was requiring more than seems to us proper that he should be compelled to specify the name of every hotel at which he stopped in each of the places named, and the dates at which he was at such hotel.

And so as to the third item it was proper that he should state the amount expended on his first trip, and how much on the second trip, and that he should state what amount was paid out for office expenses, giving the date of the several items, so far as practicable.

And so as to the fourth item, it was proper that the time when the plaintiff visited Germany should be given, and the period during which the expenses charged were incurred, but it was going too far to require him to set down each particular item of such expenses as specified in the order.

The order below should be modified to conform with the suggestions above named, and as modified, affirmed without costs to either party of this appeal.

BRADY, J., concurred.

Present — DAVIS, P. J., and BRADY, J.

Order modified as suggested in opinion, and affirmed as modified, without costs.